UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80494-CIV-COHN/SELTZER

ROBERT SCHWEITZER,

    Plaintiff,

v.

NORTHLAND GROUP INC., LVNV FUNDING
LLC, and CITIBANK, N.A.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Motions for Summary Judgment [DE 40–42] ("Motions"). The Court has reviewed the Motions and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant summary judgment for Defendants on each of Plaintiff's claims.

### I.  BACKGROUND

This action arises from Defendants' allegedly wrongful debt-collection activities. On June 14, 2005, Defendant Citibank, N.A. ("Citibank") issued a credit card to Plaintiff Robert Schweitzer. DE 40-2 ¶ 2. Schweitzer provided Citibank with his home telephone number when he applied for the card. Id. ¶ 3. Schweitzer eventually accumulated a balance on the credit card that he failed to pay. Id. ¶ 6.

Citibank subsequently sold Schweitzer's credit-card account to a third party. Id. ¶ 9. After a series of additional assignments, Defendant LVNV Funding LLC ("LVNV") acquired the account. DE 41-2 ¶ 3. LVNV delegated the account to a third-party

manager, who placed the account with Defendant Northland Group, Inc. ("Northland") for collection. Id. ¶¶ 4–5; DE 42-2 ¶¶ 1–2.

Schweitzer alleges that Defendants have sought to collect on his credit-card debt since around November 11, 2011. DE 7 (Amended Complaint) ¶ 12. Schweitzer contends that Defendants' communications during their collection efforts have been harassing, inaccurate, and otherwise wrongful. On this basis, Schweitzer asserts the following claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Northland; (2) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against all Defendants; and (3) violation of the Florida Consumer Collection Practice Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, against all Defendants. Am. Compl. ¶¶ 30–46. Defendants have now moved for summary judgment on Schweitzer's claims against them. See DE 40–42.

## II. LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith

2

Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### III. DISCUSSION

The Court begins by noting that Schweitzer has failed to file a timely response to Defendants' Motions. Defendants filed the Motions on September 2, 2014. See DE 40–42. Any opposition to the Motions was due by September 19, 2014. See S.D. Fla. L.R. 7.1(c). However, Schweitzer did not respond by that deadline. Instead, on September 26, 2014, he requested additional time to file his opposition papers. DE 57–59.

The Court granted Schweitzer's request for an extension of time, and allowed him until October 3, 2014, to respond. DE 60. However, October 3 came and went, and Schweitzer still had not filed any response. On October 7, 2014, the Court directed Schweitzer to file his opposition papers no later than October 10, 2014. DE 61. The Court also informed Schweitzer that if he continued to disregard the Court's deadlines, the Court would not consider his subsequent filings in resolving the Motions. Id. at 1. But Schweitzer again failed to file a timely response. See DE 63–65. Because Schweitzer's papers in opposition to the Motions were untimely, despite substantial

accommodations by the Court, the Court will not consider those materials in resolving the Motions.

Moreover, even were the Court to consider Schweitzer's untimely submissions, they would fail to raise any issues of material fact. Rule 56(c)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> A party asserting that a fact . . . is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). In his papers, Schweitzer responds to Defendants' statements of material facts with unsupported assertions that "the facts in [various paragraphs of Defendants' statements of material facts] are in dispute." DE 63 at 1–3; DE 64 a 1–2; DE 65 at 1–2. But Schweitzer does not buttress these contentions with reference to any materials in the record, as required under Rule 56(c)(1). Accordingly, Schweitzer's papers fail to raise a genuine factual dispute with regard to Defendants' statements of material facts, and the facts as asserted by Defendants are deemed undisputed. See United States v. Arana, No. 11-20172, 2011 WL 1348412 at *2 (S.D. Fla. Apr. 8, 2011); S.D. Fla. L.R. 56.1(a)(2), (b). With this understanding, the Court turns to the merits of Defendants' Motions.

4

### A. Northland Is Entitled to Summary Judgment on the FDCPA Claim Because Schweitzer Has Produced No Evidence of a Consumer Debt

In his Amended Complaint, Schweitzer alleges that Northland violated the FDCPA "[b]y calling [his] home repeatedly and falsely alleging that [he] owed money to Northland." Am. Compl. ¶ 31. To prevail on a FDCPA claim, a plaintiff must prove that: (1) he has been the target of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. Battle v. Gladstone Law Group, P.A., 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013); see also 15 U.S.C. §§ 1692a(5), 1692d, 1692e.

A consumer debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); see also Abby v. Paige, 903 F. Supp. 2d 1330, 1334 (S.D. Fla. 2012). Northland argues that Schweitzer has provided no evidence that the debt at issue was a consumer debt, or in other words that the debt was incurred in connection with personal, family, or household purposes. DE 42-1 at 12; DE 42-2 ¶ 9; see also DE 40-2 ¶ 7. Schweitzer has conceded this point both by failing to timely or properly respond to Northland's Statement of Material Facts, and also by failing to timely respond to Northland's Requests for Admissions, which included a request to admit that Schweitzer had no evidence that the debt was a consumer debt. DE 42-4 at 4; see also Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party . . . serves . . . a written answer or objection . . . ."). Because the FDCPA requires that a plaintiff prove that he was the target of collection activity arising from a

5

consumer debt (see 15 U.S.C. § 1692a(5)), and Schweitzer has failed to provide any record evidence whatsoever that Northland called him in connection with a consumer debt, Northland is entitled to summary judgment on Schweitzer's FDCPA claim against it. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115–16 (11th Cir. 1993).

### B. The Absence of a Consumer Debt Precludes Schweitzer's FCCPA Claim

Like the FDCPA, "the FCCPA only applies to consumer debt." Deutsche Bank Nat'l Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013) (citing Fla. Stat. § 559.55(6)). As discussed supra pp. 4–6, Schweitzer has not supplied evidence that Defendants' alleged actions in this case bore any relation to a consumer debt. Accordingly, Defendants are also entitled to summary judgment on Schweitzer's FCCPA claim. See Fitzpatrick, 2 F.3d at 1115–16.

### C. Defendants Are Entitled to Summary Judgment on Schweitzer's TCPA Claim

Citibank asserts that Schweitzer's TCPA claim against it fails because Schweitzer consented to be called in connection with the debt upon which Defendants tried to collect. DE 40-1 at 9–12. Schweitzer bases his TCPA claim upon violations of 47 U.S.C. § 227(b)(1)(B). Am. Compl. ¶ 33. That provision of the TCPA prohibits certain telephone calls made to consumers "without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). Providing a telephone number to a creditor "reasonably evidences prior express consent . . . to be contacted at that number regarding the debt." In re Rules Implementing the TCPA, 23 F.C.C.R. 559, 564 (FCC 2008) ("2008 FCC Ruling").

Schweitzer provided his telephone number to Citibank when he applied for a credit card. DE 40-2 ¶¶ 2–4. Schweitzer thus consented to receive calls from Citibank

about the resulting credit-card debt. See 2008 FCC Ruling, 23 F.C.C.R. at 564. Because Schweitzer consented to receive these calls from Citibank, his TCPA claim based upon the alleged debt-collection calls fails as to Citibank as a matter of law. See 47 U.S.C. § 227(b)(1)(B).

Schweitzer's TCPA claim also fails with respect to all Defendants because their debt-collection calls do not fall within the scope of the TCPA's prohibitions. Section 227(b)(1)(B) prohibits certain calls to residential telephone lines. However, some types of calls are excluded from the coverage of Section 227(b)(1)(B) by FCC rules or orders. See id. § 227(b)(2)(B). Among those excluded calls are debt-collection calls. 47 C.F.R. § 64.1200(a)(3)(iii); Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. 2011) (per curiam). Because the telephone calls at issue in this case were debt-collection calls placed to Schweitzer's residential telephone number,[1] they are excluded from the scope of the TCPA by the FCC, and cannot support a TCPA claim.

## IV. CONCLUSION

Defendants are entitled to summary judgment on each of Schweitzer's claims against them, resulting in substantial part from Schweitzer's inadequate response to their Motions and his failure to respond during discovery. Schweitzer has conceded that his claims in this case do not involve a consumer debt, thus his FDCPA and FCCPA

---

[1] In the Amended Complaint, Schweitzer states that he received telephone calls on his cellular telephone. Am. Compl. ¶ 33. However, Schweitzer premises his claim upon a portion of the TCPA pertaining only to residential telephone lines. Id. Further, according to the uncontroverted facts asserted by Defendants, the calls at issue in this case were directed solely to Schweitzer's home telephone number, and not to his cellular telephone. DE 40-3 ¶ 6; DE 41-2 ¶ 12; DE 41-3 ¶ 5; DE 42-3 ¶ 3; see also DE 41-4 at 1–2, 6; DE 50 at 1–2 n.1. The Court therefore addresses Schweitzer's TCPA claim as involving only calls made to a residential telephone line.

claims fail as a matter of law. Similarly, he has not raised an issue of fact with regard to Citibank's assertion that he consented to be called, or Defendants' argument that the debt-collection calls to his home telephone number fell outside the prohibitions of the TCPA. Accordingly, it is

**ORDERED AND ADJUDGED** that Citibank, N.A.'s Motion for Summary Judgment [DE 40], LVNV Funding LLC's Motion for Summary Judgment [DE 41], and Northland Group, Inc.'s Motion for Summary Judgment [DE 42] are **GRANTED**. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of November, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF